UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY RONCHI,                                         Civil Action No.:

                              Plaintiff,

         v.

                                                        **COMPLAINT**

OFFICER M. BURNS, CHARLES KORHERR,
SERGEANT FASDICK, and
THE TOWN OF WEBSTER,

                              Defendants.              **JURY TRIAL**
                                                        **DEMANDED**
_____

      Plaintiff Anthony Ronchi, by and through his attorneys, Law Offices of Elmer

Robert Keach, III, PC and Leventhal and Klein, LLP, complaining of Defendants, alleges

as follows:


## JURISDICTION

      1.    This Court has jurisdiction over this action under the provisions of 28 USC

§§ 1331, 1341, & 1343 because it is filed to obtain compensatory and punitive damages

for the deprivation, under color of state law, of the rights of citizens of the United States

secured by the Constitution and federal law pursuant to 42 U.S.C. § 1983.

      2.    This Court has supplemental jurisdiction over claims relating to the

violation of state law under the provisions of 28 U.S.C. § 1367.  The Plaintiff filed a

timely Notice of Claim under the General Municipal Law, and a hearing was held

pursuant to General Municipal Law Section 50-h.  More than thirty days have passed

1

since this hearing was conduct.   Consequently, all conditions precedent to bringing

claims under New York State law have been satisfied.

3.       Venue is proper under 28 USC § 1391(e)(2) because events giving rise to

Plaintiff's claims occurred in this judicial district.

## PARTIES

4.       Plaintiff Anthony Ronchi is a citizen of the United States and currently

resides in Monroe County, New York.

5.       At all times relevant herein, and upon information and belief, Defendant

Officer M. Burns was and remains employed as a Police Officer of the Webster Police

Department, with his principal place of business being 1000 Ridge Road, Webster, New

York.   Claims in this litigation are asserted against Defendant Burns in his individual

capacity.

6.       At all times relevant herein, and upon information and belief, Defendant

Charles Korherr was and remains employed as a Police Officer of the Webster Police

Department, with his principal place of business being 1000 Ridge Road, Webster, New

York.   Claims in this litigation are asserted against Defendant Korherr in his individual

capacity.

7.       At all times relevant herein, and upon information and belief, Defendant

Sergeant Fasdick was and remains employed as a Police Sergeant of the Webster Police

Department, with his principal place of business being 1000 Ridge Road, Webster, New

York.   Claims in this litigation are asserted against Defendant Fasdick in his individual capacity.

8.      Defendant Town of Webster is a municipality duly incorporated under the laws of the State of New York, with is principal place of business being 1000 Ridge Road, Webster, New York.

## FACTS

9.      During the afternoon of May 6, 2011, Plaintiff Anthony Ronchi attended a family gathering at his home in Webster, New York.

10.      After family members grew concerned that Mr. Ronchi would leave the gathering while intoxicated, a telephone call was placed to the Webster Police Department.   Several individuals later arrived on the scene, including the three named Defendants.

11.      Officer M. Burns proceeded to converse with Mr. Ronchi, and was told that Mr. Ronchi was fine, and was not a threat to himself or anyone else.   When repeatedly asked if he had a weapon on his person, Mr. Ronchi proceeded to disrobe until he was completely naked, and detailed and conclusively demonstrated that he did not have a weapon on his person.   Mr. Ronchi then proceeded to walk into his home.

12.      In response to this action, Mr. Ronchi was pepper sprayed and physically subdued by Officers Burns and Korherr.   In police reports relative to Ronchi's arrest, Burns admits using multiple "knee strikes" to subdue Mr. Ronchi, and Officer Korherr

3

acknowledges using force as well.   These actions were taken in the presence of Defendant Fasdick, who was the supervisor on the scene.

13.     At the time these events occurred, there was no reasonable basis to arrest or otherwise detain Mr. Ronchi, and there was certainly no basis under which to use force against Mr. Ronchi.  In fact, Mr. Ronchi was not arrested for anything on the date in question.  Instead, he was transported to the hospital based on facial lacerations and chest pains.

14.     As a result of his "arrest," Mr. Ronchi suffered severe injuries, including a punctured lung that required multiple instances where he was hospitalized.

15.     Defendants Burns, Korherr and Fasdick acted within the scope of their authority to act as public servants for the Town of Webster and the State of New York.

16.     At all times relevant to this Complaint, the Defendants were acting under color of state law, that is, under the color of the statutes, laws, charter, ordinances, rules, regulations, customs and usages of the Town of Webster and the State of New York.

17.     The Defendants should have known that their actions violated clearly established law protecting the Constitutional and statutory rights of the Plaintiff.

## <u>CAUSES OF ACTION</u>

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL INDIVIDUAL DEFENDANTS**

**Violation of Constitutional Rights under Color of State Law**
**- False Arrest -**

18.     Plaintiff incorporates by reference and realleges each and every allegation stated in paragraphs 1 through 17.

19.     The Fourth Amendment of the United States Constitution protects citizens from unreasonable seizures by local governments, and prohibits law enforcement officers from arresting and detaining individuals in the absence of appropriate authorization.  The Fourth Amendment also precludes police officers from conducting arrests in the absence of probable cause to believe that a crime has been committed.

20.     The actions of Defendants Burns and Korherr detailed above violated the Plaintiff's rights under the United States Constitution.   It was not objectively reasonable for Burns and Korherr to arrest Anthony Ronchi for anything on May 6, 2011.   Mr. Ronchi did not engage in any criminal conduct on the date in question, as the officers admit in their reports.

21.     The actions of Defendant Fasdick also violate the Plaintiff's rights. Sergeant Fasdick failed to supervise his subordinates' actions on the date in question, and further failed to intervene to protect the Plaintiff's civil rights.  As such, Fasdick is equally liable for this constitutional violation.

22.     Defendants' actions were motivated by bad faith and malice.

23.     This conduct on the part of Defendants Burns, Korherr and Fasdick also represents a violation of 42 U.S.C. § 1983, given that their actions were undertaken under color of state law.

24.     As a direct and proximate result of the unconstitutional acts described above, Plaintiff Anthony Ronchi has been irreparably injured.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL INDIVIDUAL DEFENDANTS

### Violation of Constitutional Rights Under Color of State Law -- Excessive Use of Force  –

25.     The Plaintiff incorporates by reference and realleges each and every allegation stated in paragraphs 1 through 24.

26.     Defendants Burns and Korherr's use of force against Anthony Ronchi, by savagely beating him and puncturing his lung, was far in excess of the amount of force that would be considered objectively reasonable.  The Defendants' conduct represents a violation of the Plaintiff's rights under the Fourth Amendment to the United States Constitution.

27.     The actions of Defendant Fasdick also violate the Plaintiff's rights. Sergeant Fasdick failed to supervise his subordinates' actions on the date in question, and further failed to intervene to protect the Plaintiff's civil rights.  As such, Fasdick is equally liable for this constitutional violation.

28.     This conduct on the part of the Defendants represents a violation of 42 U.S.C. § 1983, given that his actions were undertaken under color of state law.

29.     The Defendants' actions were motivated by bad faith and malice, as they were designed to punish.

30.     As a direct and proximate result of the unconstitutional acts described above, Plaintiff Anthony Ronchi has been irreparably injured.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT TOWN OF WEBSTER**

**Implementation of Municipal Policies and Practices that Directly Violate Constitutional Rights, Failure to Implement Municipal Polices to Avoid Constitutional Deprivations and Failure to Train and Supervise Employees under Color of State Law**

31.     Plaintiff incorporates by reference and realleges each and every allegation stated in paragraphs 1 through 30.

32.     Upon information and belief, Defendant Town of Webster and its police supervisors were directly responsible for supervising Defendants Burns, Korherr and Fasdick.

33.     Additionally, Defendant Town of Webster has failed to institute appropriate written policies on a variety of subjects including use of force, seizure, and probable cause for arrest and prosecution.

34.     In the alternative, and upon information and belief, Defendant Town of Webster and its police supervisors have instituted policies addressing the topics listed

7

above, but then have through gross negligence and carelessness demonstrated deliberate indifference to detainees arrested by the Webster Police Department by failing or intentionally refusing to enforce them.

35.     Defendant Town of Webster and its police supervisors have also demonstrated deliberate indifference to the needs of detainees arrested by the Webster Police Department by failing to adequately hire, screen, train and supervise Webster Police Officers.

36.     The policies, procedures, customs and practices of the Town of Webster violated the Constitutional rights of the Plaintiff under the Fourth Amendment of the United States Constitution.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS BURNS AND KORHERR**

**Violation of State Law – Assault and Battery**

37.     Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraphs 1 through 36.

38.     The actions and inactions of the above named Defendants constitutes assault or, in the alternative, battery under New York law.

39.     Defendant Town of Webster employed the Police Officers in question at the time of this assault.  As such, it is vicariously liable for the actions and inactions of its agents.

40.     As a direct and proximate result of the acts described above, Plaintiff has been irreparably injured.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### Violation of State Law – False Arrest

41.     Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraphs 1 through 40.

42.     The actions and inactions of the above named Defendants constitute false arrest under New York law.

43.     Defendant Town of Webster employed the Police Officers in question at the time of this assault.  As such, it is vicariously liable for the actions and inactions of its agents.

44.     As a direct and proximate result of the acts described above, Plaintiff has been irreparably injured.

## AS AND FOR AN SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### Violation of State Law – Intentional/Negligent Infliction of Emotional Distress

45.     Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraphs 1 through 44.

46.     The actions and inactions of the above named Defendants constitute intentional and/or negligent infliction of emotional distress under New York law.

47.     Defendant Town of Webster employed the Police Officers in question at the time of this assault.  As such, it is vicariously liable for the actions and inactions of its agents.

48.     As a direct and proximate result of the acts described above, Plaintiff has been irreparably injured.


**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS FASDICK AND TOWN OF WEBSTER**

**Violation of State Law – Negligent Supervision/Retention of Employee**

49.     Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraphs 1 through 48.

50.     The actions and inactions of the above named Defendants constitute the negligent supervision and/or retention of employees under New York law.

51.     Defendant Town of Webster employed the Police Supervisor in question at the time of this assault.  As such, it is vicariously liable for the actions and inactions of its agents.

52.     As a direct and proximate result of the acts described above, Plaintiff has been irreparably injured.

## DEMAND FOR PUNITIVE DAMAGES

70.     The actions of the Individual Defendants described herein were extreme and outrageous, and shock the conscience of a reasonable person.  Consequently, an award of punitive damages is appropriate to punish these Defendants for their cruel and uncivilized conduct.  The Plaintiff does not seek an award of punitive damages against the Town of Webster.

## DEMAND FOR TRIAL BY JURY

71.     The Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Anthony Ronchi requests that this Honorable Court grant him the following relief:

A.      A judgment in favor of Plaintiff Anthony against Defendants M. Burns, Charles Korherr and Sergeant Fasdick for compensatory damages and punitive damages in an amount to be determined by a properly charged jury;

B.      A judgment in favor of Plaintiff Anthony Ronchi against Defendant Town of Webster for compensatory damages in an amount to be determined by a properly charged jury;

C.      A monetary award for attorney's fees and the costs of this action, pursuant to 42 U.S.C. § 1988;

D.      Any other relief that this Court finds to be just, proper and equitable.

Respectfully Submitted By:

/s Elmer Robert Keach, III

Dated: May 7, 2012

_____
Elmer Robert Keach, III, Esquire
LAW OFFICES OF ELMER ROBERT
        KEACH, III, PC
1040 Riverfront Center
Post Office Box 70
Amsterdam, NY  12010
Telephone:   518.434.1718
Telecopier:   518.770.1558
Electronic Mail:
bobkeach@keachlawfirm.com

Brett Klein, Esquire
LEVENTHAL AND KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, NY  11201
Telephone:    718.722.4100
Electronic Mail:
bklein@levklein.com

ATTORNEYS FOR PLAINTIFF